UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JAMIE COLLINS,
a citizen and resident of California,

    Plaintiff,

v.

VIRGIN CRUISES
INTERMEDIATE LIMITED, INC.,
A Bermuda Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAMIE COLLINS, a citizen and resident of the State of California, sues Defendant VIRGIN CRUISES INTERMEDIATE LIMITED, INC. a Bermudian Corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff is sui juris and is a resident and citizen of the State of California.

3. Defendant VIRGIN CRUISES INTERMEDIATE LIMITED, INC. ("VIRGIN CRUISES") is a Bermudian Corporation with its principal place of business in Plantation, Broward County, Florida. VIRGIN CRUISES is both a citizen of Bermuda and Florida for purposes of determining subject matter jurisdiction over this action.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. The Plaintiff is a citizen and resident of the state of California, while the Defendants for jurisdictional purposes are Florida citizens and residents. The Plaintiff's damages alleged in Paragraph 15 below, including a tibial and fibula fracture, support an award of damages in excess of the jurisdictional amount of $75,000.00.

5. At all material times, the Defendants have both conducted ongoing substantial and not isolated business activities in the Southern District of Florida, so that *in personam* jurisdiction over the Defendants exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant have engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant require fare paying passengers such as the Plaintiff to bring any lawsuit against them arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because Defendants' principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing timely notice following the incident in question as required by the ticket contract, by a letter of September 26, 2022, sent within six months of the injury date of September 16, 2022, as required. A copy of the notice of intent letter is attached as **Exhibit 1.**

## ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, including the injury date of September 16, 2022, Plaintiff was a fare paying passenger on board the passenger cruise vessel "SCARLET LADY" and in that capacity was lawfully present aboard the vessel.

11. On September 16, 2022, the Plaintiff was traversing Deck 16 of the "SCARLET LADY," an open deck exposed to the elements.

12. At the time and place referenced in the preceding paragraph, the open deck was wet or contained a wet, transitory substance due to a previous rain. The Plaintiff traversed a portion of the wet deck, containing a darker surfacing material, without incident but then reached a portion of the deck containing lighter deck surfacing material and what appeared to Plaintiff to be exercise equipment for passenger use. Upon attempting to use the exercise equipment, Plaintiff slipped on the wet or slippery lighter colored deck surface and fell.

13. As a direct and proximate result of the slip and fall as described above, the Plaintiff was injured in and about her body and extremities, including sustaining a spiral fracture of the shaft of the left tibia and a fracture of the left fibula. She suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation or activation of preexisting injuries and conditions, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical expenses being reasonably certain to occur. She also lost earnings or earning capacity and will continue in the future to lose earning capacity. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

14. At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area, being near exercise equipment, and was in a condition dangerous to passengers traversing the area, including the Plaintiff, considering there was a wet transitory substance on the surface in an area meant to facilitate fast paced and explosive movement.

3

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

15. At all material times, the Defendant either knew or should have known of the dangerous wet and slippery condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care, or to remedy the dangerous condition. Specifically, On September 16, 2022, Defendant had actual and/or constructive knowledge that it had rained earlier that day, and the open deck was visibly wet from the previous rain.

16. Further, previous slip and falls on Deck 16 of the "SCARLET LADY" provided Defendant with notice of the area's dangerous propensities. For example, on December 7, 2021, C.J.F. slipped and fell on Deck 16 because the weather conditions made the deck wet and slippery.

## COUNT I – NEGLIGENT MAINTENANCE – VIRGIN CRUISES INTERMEDIATE LIMITED, INC.

17. The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 16 above and further alleges the following matters.

18. At all material times, Defendant VIRGIN CRUISES INTERMEDIATE LIMITED, INC. (VIRGIN CRUISES) was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "SCARLET LADY".

19. At all material times, VIRGIN CRUISES operated, managed, maintained and was in exclusive control of the "SCARLET LADY".

20. At all material times, including the injury date of September 16, 2022, Plaintiff was a fare paying passenger aboard the "SCARLET LADY" and in that capacity was lawfully present aboard the vessel.

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

21. At all material times, the Defendant VIRGIN CRUISES owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the deck surface in, around and outside the exercise area on Deck 16 and the area where Plaintiff fell, as described in Paragraph 12 above, in a reasonably safe condition, including a duty to correct dangerous conditions of which it knew or should have known in the exercise of reasonable care.

22. At all material times, including the injury date of September 16, 2022, the surface of the area where the Plaintiff fell was in a dangerous condition for the reasons alleged in Paragraphs 12 and 14 above.

23. At all material times, the Defendant VIRGIN CRUISES either knew or should have known of the dangerous condition of the area where Plaintiff fell for the reasons alleged in Paragraphs 12 and 14 through 16 above.

24. Notwithstanding VIRGIN CRUISE's actual or constructive knowledge of the dangerous condition of the deck surface on Deck 16 at or near the area where Plaintiff fell, VIRGIN CRUISES failed before the time Plaintiff fell as alleged in Paragraphs 12 and 13 above to take reasonable measures to maintain the area in a reasonably safe condition or to correct the dangerous condition by drying or cordoning off the area or otherwise. VIRGIN CRUISES thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

25. VIRGIN CRUISES' specific negligent acts or omissions consist of one or more of the following:

   a. Failing to maintain the deck surface on Deck 16 near the area where Plaintiff fell in a reasonably safe condition;

b. Failing to comply with its own policies and procedures for preventing slip and fall accidents;

c. Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for wetness or slipperiness;

d. Failing timely to correct or remedy the wet, slippery condition of the area where Plaintiff fell;

e. Failure to clean and dry the deck surface at and near the area where the Plaintiff fell in a regular, adequate and timely manner.

26. As a direct and proximate result of VIRGIN CRUISES's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant VIRGIN CRUISES.

### COUNT II – NEGLIGENT FAILURE TO WARN – VIRGIN CRUISES INTERMEDIATE LIMITED, INC.

27. The Plaintiff adopts, realleges and incorporates by reference all allegations in Paragraphs 1 through 16 above and further alleges the following matters.

28. At all material times, Defendant VIRGIN CRUISES INTERMEDIATE LIMITED, INC. (VIRGIN CRUISES) was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "SCARLET LADY".

29. At all material times, VIRGIN CRUISES operated, managed, maintained and was in exclusive control of the "SCARLET LADY".

30. At all material times, including the injury date of September 16, 2022, Plaintiff was a fare paying passenger aboard the "SCARLET LADY" and in that capacity was lawfully present aboard the vessel.

31. At all material times, the Defendant VIRGIN CRUISES owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, a duty of reasonable care for his safety, including a duty to take reasonable steps adequately to warn passengers, including Plaintiff, of hazards of which it knew or should have known in the exercise of reasonable care and which in the exercise of reasonable care it reasonably anticipated its passengers would encounter on the vessel.

32. At all material times, including the injury date of September 16, 2022, the surface of the area where the Plaintiff fell was in a dangerous condition for the reasons alleged in Paragraphs 12 and 14 above.

33. At all material times, including the injury date of September 16, 2022, the dangerous condition referenced in the preceding paragraph was not open and obvious to the Plaintiff or to a reasonable passenger under the circumstances; the Plaintiff had traversed a portion of the wet deck without incident before encountering the additionally slippery deck in the area where she fell as described in Paragraph 12.

34. At all material times, the Defendant VIRGIN CRUISES either knew or should have known of the dangerous condition of the area where Plaintiff fell for the reasons alleged in Paragraphs 12 and 14 through 16 above.

35. Notwithstanding VIRGIN CRUISE's actual or constructive knowledge of the dangerous condition of the deck surface on Deck 16 at or near the area where Plaintiff fell, VIRGIN CRUISES failed before the time Plaintiff fell as alleged in Paragraphs 12 and 13 above failed to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

take reasonable measures adequately to warn the Plaintiff of the hazard through oral or written warnings, appropriate signage or markings, cordoning off the area, advising to remain indoors, or otherwise. VIRGIN CRUISES thereby failed to exercise reasonable care and was negligent.

36. As a direct and proximate result of VIRGIN CRUISES's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgement against the Defendant VIRGIN CRUISES for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right. Executed this 14th day of November, 2023.

*s/Nicholas Gerson*
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
PAOLA M. GARCIA
Florida Bar No. 106941
pgarcia@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749