UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:23-cv-24364-WILLIAMS/GOODMAN[1]

JAMIE COLLINS,

        Plaintiff,

v.

VIRGIN CRUISES INTERMEDIATE
LIMITED, INC.,
a Bermuda Corporation,

        Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS**

In this maritime personal injury action, Defendant Virgin Cruises Intermediate Limited, Inc. ("Defendant" or "Virgin") filed a motion to dismiss Plaintiff Jamie Collins' ("Plaintiff") Amended Complaint. [ECF No. 22]. Plaintiff filed a response in opposition, and Defendant filed a reply. [ECF Nos. 27; 28]. United States District Judge Kathleen M Williams referred the motion to the Undersigned. [ECF No. 23].

---

[1] The Undersigned notes that both parties' filings [ECF Nos. 22, 27, and 28] erroneously labeled Chief Magistrate Judge Edwin G. Torres as the paired magistrate judge in this case. Judge Torres was never involved in this case. Moving forward, the parties are expected to include proper citations within their case headings.

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Defendant's motion to dismiss.

I. **Background**

Plaintiff filed suit against Defendant for damages related to physical injuries she allegedly sustained while aboard one of Defendant's ships, the *Scarlet Lady*. [ECF No. 19]. Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint because it says the Complaint fails to sufficiently allege notice of the supposedly dangerous condition. [ECF No. 22].

Plaintiff's Complaint contains two counts: Negligent Maintenance (Count I), and Negligent Failure to Warn (Count II). She alleges that:

> 11. On September 16, 2022, Plaintiff was a fare paying passenger aboard the Defendant's passenger cruise vessel "SCARLET LADY" and in that capacity was lawfully present aboard the vessel.
>
> 12. On September 16, 2022, the Plaintiff was traversing an exterior area in or around the Athletic Club on Deck 16 of the "SCARLET LADY." The open deck was wet or contained a wet, liquid transitory substance which apparently accumulated due to a rainstorm that occurred before Plaintiff walked onto the open deck. Plaintiff observed what appeared to be exercise equipment for passenger use on an area of the deck with a light-colored floor surface. There were no caution signs in the area at that time. Upon attempting to use the exercise equipment, Plaintiff slipped on the wet and/or slippery floor surface and fell, thereby sustaining serious injuries.

[ECF No. 19, ¶¶ 11–12].

II. **Legal Standard**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Analysis

"Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–88, 111 S. Ct. 1522, 1524, 113 L. Ed. 2d 622 (1991)). "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bahama. Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989)).

"In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Van Deventer v. NCL Corp. Ltd.*, No. 23-CV-23584, 2024 WL 836796, at *4 (S.D. Fla. Feb. 28, 2024) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to

protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336).

The duty of care owed by an owner of a ship in navigable waters while its passengers are on board the vessel is a duty of exercising reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990). Additionally, under general maritime law, "a cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336; *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985); *Carmouche v. Carnival Corp.*, 13-62584-CV, 2014 WL 12580521, at *5 (S.D. Fla. May 15, 2014); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016).

In order to impose direct liability against a cruise ship for personal injuries sustained while aboard the ship, as a prerequisite to imposing liability, the carrier must have actual or constructive notice of the risk-creating condition." *See Thompson*, 174 F. Supp. 3d at 1340 (quoting *Keefe*, 867 F.2d at 1322). *See generally Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021) ("passenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition").

4

Actual notice exists when the defendant knows about the dangerous condition. *See Holland v. Carnival Corp.*, 50 F. 4th 1088, 1095 (11th Cir. 2022) (citing *Keefe,* 867 F.2d at 1322; *Guevara,* 920 F.3d at 720). Constructive notice exists where "the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." *Id. (*citing *Keefe*, 867 F.2d at 1322). A plaintiff can establish constructive notice by alleging "that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Id*. (citing *Guevara,* 920 F.3d at 720 (alteration in original) (quoting *Monteleone v. Bahama Cruise Line, Inc.,* 838 F.2d 63, 65 (2d Cir. 1988)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id. (quoting Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)).

<u>Sufficient Notice</u>

Defendant argues that the Amended Complaint failed to sufficiently allege notice of the dangerous condition because it "fail[ed] to allege sufficient matter which, taken as true, would establish a right to relief." [ECF No. 22, p. 3]. Defendant contends that Plaintiff alleges it "knew or should have known the floor was unreasonably slippery due to the 'propensity for slip and falls'" and referenced two prior slip-and-fall incidents. *Id*. at 4. However, Defendant argues that those two references are insufficient because Plaintiff did not " allege any facts to show that these prior incidents occurred under substantially

5

similar circumstances to Plaintiff's alleged incident." *Id*. (citing *Holland,* 50 F.4th at 1096).

Plaintiff states that Defendant's argument is erroneous because the two prior slip-and-fall incidents she references "both happened on the same ship (Scarlet Lady), same location (Deck 16), same area within the location (near the Athletic Club), and under almost identical circumstances (wet, transitory substance on the same or similar surface) as Plaintiff's incident." [ECF No. 26, p. 5]. She argues that the following paragraphs from her Amended Complaint provided sufficient allegations of notice:

> 12. On September 16, 2022, the Plaintiff was traversing an exterior area in or around the Athletic Club on Deck 16 of the "SCARLET LADY." The open deck was wet or contained a wet, liquid transitory substance which apparently accumulated due to a rainstorm that occurred before Plaintiff walked onto the open deck. Plaintiff observed what appeared to be exercise equipment for passenger use on an area of the deck with a light-colored floor surface. There were no caution signs in the area at that time. Upon attempting to use the exercise equipment, Plaintiff slipped on the wet and/or slippery floor surface and fell, thereby sustaining serious injuries.
>
> 13. At all material times, a dangerous condition existed as referenced in Paragraph 12 above, to wit: a wet, transitory substance on the exterior floor surface on Deck 16 of the SCARLET LADY, which caused the deck to become unreasonably slippery. The danger posed by the unreasonably slippery condition of the deck when wet was not open and obvious to reasonable passengers, including Plaintiff, who could not appreciate the extreme degree of slipperiness of the floor surface when wet, in an area which appeared to be intended for fitness or exercise-related activities.
>
> 14. At all material times, Defendant VIRGIN CRUISES had actual and/or constructive notice of repeated safety issues giving rise to a propensity for slips and falls on similar areas and floor surfaces onboard the SCARLET LADY from prior incidents, including without limitation, the following incidents:
>     a. On December 21, 2021, cruise passenger, C.J., slipped and fell while walking in an exterior area of Deck 16 onboard the SCARLET

LADY due to a wet, liquid transitory substance on the same or substantially similar floor surface as the incident herein. *Jones Felton v. Virgin Cruises Intermediate Limited Inc.*, Case No. 1:23-cv-21308-DPG. Similar to the circumstances herein, the incident occurred on the same deck of the same ship, and Defendant VIRGIN CRUISES had knowledge it rained earlier in the day prior to the time C.J. slipped and fell.

      b.      On September 12, 2022, cruise passenger, C.M., slipped and fell while walking in an exterior area of Deck 16 onboard the SCARLET LADY, in or **near the Athletic Club location,** due to a wet, transitory substance on the same or substantially similar floor surface as the incident herein. *Myles v. Virgin Cruises Intermediate Limited Inc.*, Case No. 1:23-cv-24487. Like the circumstances set forth herein, the incident occurred nearby outdoor athletic equipment on the same deck of the same ship.

[ECF No. 19, ¶¶ 12–14 (emphasis supplied)].

Defendant cites to *Kendall v. Carnival Corp.*, No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *1 (S.D. Fla. Dec. 8, 2023), and claims that it is instructive. In *Kendall*, the Complaint identified six prior incidents which the plaintiff argued were "substantially similar" to hers:

    a.    On June 27, 2016, cruise passenger M.R. tripped and fell on an uneven and/or sloped, carpeted passenger hallway on the M/S "SUNSHINE".

    b.    On September 4, 2016, cruise passenger J.R. tripped and fell on an uneven and/or sloped common passenger hallway on the M/S "VISTA."

    c.    On October 22, 2016, cruise passenger C.D. tripped and fell on an uneven and/or sloped, carpeted passenger hallway on the M/S "VALOR."

    d.    On January 12, 2019, cruise passenger J.C. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her cabin on the M/S ["]HORIZON.["]

    e.    On April 1, 2019, cruise passenger A.H. tripped and fell on an uneven

7

and/or sloped, carpeted passenger hallway leading to her passenger cabin on the M/S "VICTORY" (now known as the M/S "RADIANCE").

f.    On August 24, 2019, cruise passenger W.C. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her cabin on the M/S "DREAM."

*Id*. at *2–3.

Plaintiff argues that *Kendall* is not instructive because she, unlike the plaintiff in *Kendall*, included "the general and specific location of the incidents, when they occurred, and how they occurred." [ECF No. 26, p. 7]. The Undersigned agrees and notes that Plaintiff's examples also occurred on the same ship and include more detail than those listed in *Kendall*. Plaintiff additionally cites *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4 (11th Cir. Apr. 25, 2022) and states that "[s]imilar to *Cogburn*, Plaintiff provided not one, but two prior similar incidents that occurred on the same ship, same deck, and both occurred due to a wet transitory substance on the same or similar floor surface." *Id*.

In *Cogburn*, the Eleventh Circuit stated:

"We have identified at least two ways that constructive notice can be shown." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). First, a plaintiff may establish constructive notice by coming forward with evidence "that the defective condition existed for a sufficient period of time to invite corrective measures." *Guevara*, 920 F.3d at 720 (alteration adopted) (internal quotation marks omitted). Second, a plaintiff may establish constructive notice "with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Id*. (internal quotation marks omitted).

With regard to the substantially-similar-incident requirement, we have

8

> explained that it "does not require identical circumstances[ ] and allows for some play in the joints." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015). In applying this standard, the relevant question is whether "the two incidents were similar enough to allow the jury to draw a reasonable inference" concerning the cruise ship operator's "ability to foresee" the incident at issue. *Id.* at 1288 (quoting *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985)).

2022 WL 1215196, at *4.

Defendant disagrees and argues that Plaintiff's two examples lack "any specific details beyond the fact that it occurred 'in an exterior area of Deck 16 onboard the SCARLET LADY' which was wet." [ECF No. 27, p. 2]. Defendant contends that "there are no facts that indicate that these prior incidents occurred under similar circumstances as Plaintiff[,] who alleges she slipped and fell while 'attempting to use the exercise equipment.'" *Id.* at 2–3. Defendant additionally argues that Plaintiff's examples are not parallel to those in *Cogburn* because Plaintiff's do not include "any specific details regarding the circumstances, location, and condition causing the alleged falls." *Id.* at 3.

The Undersigned disagrees with Defendant and refers to an earlier Report and Recommendations filed this year:

> The Eleventh Circuit has held that the dangers involved in prior incidents do not have to involve the same exact conditions on the same ships to constitute evidence of notice. *See Bunch v. Carnival Corp.*, 825 F. App'x 713, 718 (11th Cir. 2020) (finding that a different threshold on a different ship was sufficiently similar to constitute evidence of notice). In a relatively recent cruise ship case, the Eleventh Circuit held that "[b]ecause [plaintiff] came forward with evidence of a substantially similar prior incident, [it] conclude[d] that she established that Carnival had notice of the risk-creating condition." *Cogburn*, No. 21-11579, at *11.

9

The Complaint alleges in ¶ 23 six prior incidents of falls on the Lido Deck, and Plaintiff contends that they are substantially similar for purposes of establishing constructive notice.

As explained in *Spotts* [*v. Carnival Corp.*, No. 23-cv-22906,] 2024 WL 111921, at *2–3,[ (S.D. Fla. Jan. 10, 2024),] courts in this District consistently find similar allegations sufficient to establish constructive notice on a motion to dismiss. In *Fawcett v. Carnival Corp.*, for example, Chief Judge Altonaga held that the plaintiff had "adequately allege[d] the existence of prior similar incidents" where the plaintiff "identifie[d] numerous slip-and-fall events, including fall incidents on wet flooring in the Lido Marketplace dining area on the Lido Deck of the Breeze—a vessel of the same class as the Magic—and slip and fall incidents specifically on wet or slippery areas of the Lido Deck of the Magic" and listed "specific dates and cite[d] cases associated with these incidents."[682 F. Supp. 3d 1106, 1111 (S.D. Fla. 2023)] (Altonaga, C.J.).

Although there might be a difference between a slip and fall and a trip and fall on the Lido Deck, the prior similar incidents needn't be identical to survive a motion to dismiss. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) ("The 'substantial similarity' doctrine does not require identical circumstances[.]"). And we think Perera's allegations of prior incidents are sufficiently detailed to pass muster, at least at this early phase of the litigation. *See Fawcett*,[682 F. Supp. 3d at 1111] (finding allegations of "fall incidents . . . on wet or slippery areas of the Lido Deck" sufficient to allege "the existence of prior similar incidents . . . push[ing] [p]laintiff's claims beyond mere conclusory recitals" (cleaned up)). In any event, "whether the alleged incidents are in fact substantially similar as to give notice is an issue of fact, which the Court need not resolve at the dismissal stage." *Spotts*, 2024 WL 111921, at *4.

In addition, there may be little difference between the specific facts surrounding a slip on the Lido Deck and a trip on that same deck, as one passenger might use one word and a different passenger might use another word for what is, in effect, the same type of fall. Likewise, a Carnival security officer, attorney, or paralegal might use one term while another Carnival employee might use the other to classify what is, in effect, the same mechanism of falling. *Cf. Lopez v. Carnival Corp.*, No. 22-cv-21308, 2022 WL 4598657, at *3 (S.D. Fla. Sept. 30, 2022) (Bloom, J.) (denying motion to dismiss). At a later stage in this case, the issue of whether a trip is indeed

> substantially similar to a slip might be more effectively analyzed, especially after discovery, which might reveal whether the fact patterns between an incident called a slip and fall is indeed dissimilar to a trip and fall on the same deck.

*Perera v. Carnival Corp.*, No. 1:23-24663, 2024 WL 2115489, at *7–8 (S.D. Fla. Apr. 24, 2024), *report and recommendation adopted*, No. 23-24663-CV, 2024 WL 2113791 (S.D. Fla. May 10, 2024).

Here, Plaintiff's allegations are "sufficiently detailed [enough] to pass muster, **at least at this early stage of litigation**." *Id.* (emphasis added). However, these two prior incidents may not be sufficient at the summary judgment stage. Resolving the issue of similarity between the current incident and the prior incident may very well hinge on how close the Athletic Club is to the specific location of the two prior incidents.[2]

**IV.   Conclusion**

For the above-mentioned reasons, the Undersigned **respectfully recommends** that the District Court **deny** Defendant's Motion to Dismiss.

---

[2] One of the two prior incidents pinpointed in the Amended Complaint mentions proximity to the Athletic Club; the other one does not mention that specific location. However, depending on how the facts concerning the prior incidents unfold in discovery, the prior incident which is not expressly alleged to have occurred near the Athletic Club might not be deemed sufficiently similar to assist Plaintiff to establish constructive notice (if it did not occur near the Athletic Club).

## V. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, June 3, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record